IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| United States Of America | ) | CR. NO. 2:06-732 |
| | ) | |
| Vs. | ) | AMENDED MOTION TO CORRECT |
| CHRISTOPHER BEST | ) | SENTENCE UNDER 28 U.S.C. § 2255 |

Comes now the Defendant, through his undersigned counsel P. Michael DuPree and respectfully moves this Court to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255.

The Defendant was found to be a Career Offender at his sentencing hearing on January 3, 2007. The convictions relied on for the requisite two predicate convictions for crimes of violence or serious drug offenses were as follows: a 2003 conviction for Failure to Stop for Blue Light and a 2005 conviction for Possession with Intent to Distribute Marijuana and Possession with Intent to Distribute Marijuana within Proximity of a school.

In 2010, the case of United States v. Rivers, 595 F.3d 558 (4[1] Cir. 2010) held that failure to stop for a blue light is not a crime of violence. Since Rivers was decided, defendants are entitled to be resentenced. The defendant is no longer a career offender.

A more recent Supreme Court decision in *Decamps v. United States*, 133 S. Ct.2276 (2013), changed the analysis in determining whether a state conviction qualifies as a crime of violence.

Also, Amendment 782 generally revised the Drug Quantity Table and chemical quantity tables and chemical types and allows for a two point reduction.

According to the original presentence report, the defendant had a base offense level of 32, and was in Criminal History Category III, without factoring in the Career Offender status. Count 1,

conspiracy to possess with intent to distribute and distribution of methamphetamine, has a statutory minimum/maximum sentence of 10 years to LIFE. Count 6, possession with intent to distribute methamphetamine, has a statutory maximum of 20 years. Factoring in the new base offense level pursuant to Amendment 782 and the fact that the defendant is no longer considered a career offender, the defendant's new sentencing guideline range becomes 87 to 108 months for counts 1 and 6. As the mandatory minimum requires a term of at least ten years, the guideline becomes a straight 120 months. The Defendant therefore requests that he be resentenced to the correctly calculated guideline sentencing range of 120 months for counts 1 and 6.

                    Respectfully submitted,

                    *sl P. Michael DuPree*
                    P. Michael DuPree, Esquire
                    147 Wappoo Creek Dr., Ste.101
                    Charleston, SC 29412
                    Attorney ID# 6 8 6 6

August 20, 2015