Prob 12C
(Rev. 08/15 - D/SC)

# United States District Court

for

District of South Carolina

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Christopher Best          **Case Number:** 2:06CR00732-001

**Name of Sentencing Judicial Officer:** The Honorable Patrick Michael Duffy, Senior U.S. District Judge

**Date of Original Sentence:** January 3, 2007

**Original Offense: Count One**: Conspiracy to Possess with Intent to Distribute and Distribution of Methamphetamine in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(A), and 846; and **Count Six**: Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

**Original Sentence:** The defendant was committed to the custody of the Bureau of Prisons for 262 months; this term shall consist of 262 months as to Count One and 240 months as to Count Six, said terms to run concurrently, followed by 60 months of supervised release as to each count, to run concurrently with the following special conditions: 1) The defendant was ordered to pay a $200 special assessment fee and 2) The defendant shall participate in a program for testing and treatment for substance abuse as approved by the U.S. Probation Officer until such time as he is released from the program by the U.S. Probation Officer.

**Amended Sentence:** On January 21, 2016, the defendant was re-sentenced to time served pursuant to United States v. Rivers, 595 F.3d 558 (4th Cir. 2010). The defendant's conviction for Failure to Stop for a Blue Light no longer qualifies as a predicate conviction for career offender purposes. All previously imposed conditions were to remain in effect and the following special conditions were added: 1) The defendant shall be placed on location monitoring (as directed by the U.S. Probation Officer) for a term of 3 months. The defendant shall submit to curfew restrictions as approved by the U.S. Probation Officer, until such time as the location monitoring can be connected; and 2) The defendant shall contribute to the costs of any treatment, drug testing and/or location monitoring not to exceed an amount determined reasonable by the court approved U.S. Probation Office's Sliding Scale for Services, and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

**Type of Supervision:** Term of Supervised Release     **Date Supervision Commenced:** January 21, 2016

**Assistant U.S. Attorney:** Brent Gray          **Defense Attorney:** Michael Uricchio

**Previous Court Action/Notifications:** On May 16, 2019, this case was reassigned to the Honorable Richard M. Gergel, U.S. District Judge.

---

### PETITIONING THE COURT

[X]   To issue a warrant

[ ]   To issue a summons

The probation officer believes that the offender has violated the following conditions of supervision:

Prob 12C
(Rev. 08/15 - D/SC)

Page 2

| Violation Number | Nature of Noncompliance |
|---|---|
| 1) | **New Criminal Conduct:** On April 24, 2019, Christopher Best was arrested by the Charleston Police Department for two counts of Burglary 2nd Degree (Violent). |

According to the Affidavit from Charleston Police Department, Mr. Best unlawfully entered 601 Meeting Street, Charleston, South Carolina (Meeting Street Lofts), on February 11, 2019, at approximately 2:00am utilizing a stolen key fob. After entering the property, Mr. Best turned off the lights to the office, used facility amenities, consumed alcohol and illicit substances, and sifted through desk drawers and cabinets. The defendant also stole account and password information by taking pictures of a day planner and documents left in the desks and cabinets of the office. Management of Meeting Street Loft are unfamiliar with Mr. Best, and he did not have permission to be on the property or in the property office. The defendant is not a resident and has never been a resident of the property.

According to the Affidavit from Charleston Police Department, Mr. Best unlawfully entered 601 Meeting St., Charleston, South Carolina (Meeting Street Lofts), on February 16, 2019, at approximately 2:23am through unknown means. After entering the property, Mr. Best turned off the lights, sifted through desk drawers, accessed files, and allowed unknown parties to enter the premises with what appeared to be alcoholic beverages. Management of Meeting Street Loft are unfamiliar with Mr. Best and he did not have permission to be on the property or in the property office. The defendant is not a resident and has never been a resident of the property.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   May 16, 2019

*Paige Mathias*

Paige P. Mathias
U.S. Probation Officer

Reviewed and Approved By:

*Katrina Robinson-Curtis*

Katrina Robinson-Curtis
Supervising U.S. Probation Officer

Prob 12C
(Rev. 08/15 - D/SC)

Page 3

## THE COURT ORDERS:

☐ No action.

☑ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other

## BOND CONSIDERATION:

☑ Bond to be set at the discretion of the United States Magistrate Judge.

☐ No bond to be set.

☐ Other (specify):

The Petition and Warrant shall remain under seal until served by the United States Marshal Service.

_____
Richard Mark Gergel
United States District Judge

5/24/19
Date